UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jane M. Garrard,

Plaintiff,

v.

Tractor Supply Company,

Defendants.

Case No. 3:25-cv-2713

ORDER

On March 16, 2026, I granted the parties' joint motion to stay this case pending arbitration and ordered:

> The parties shall submit a joint status report every ninety (90) days until the conclusion of the arbitration proceedings with the first report due June 12, 2026. The reports should inform me of the status of the proceedings, including any deadlines set by the arbitrator. If these reports are not timely filed or are substantively deficient, an in-person status conference will be held.

(Doc. No. 8).

The parties submitted their first report late on June 15, 2026. (Doc. No. 9). More than 90 days have passed since that first report was filed, and the parties have not filed a second status report.

Rather than set an in-person conference due to the parties' failure to comply with my Order, I conclude the better course is to maintain the stay of this case pending arbitration but administratively close it. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("District courts can, of course, adopt practices to minimize any administrative burden caused by the stays that § 3 requires."). As such, this case is removed from this Court's active docket and subject to re-opening

upon written motion of either party. *See, e.g., Hill v. Checkr, Inc.*, No. 4:24cv1628, 2025 WL 2391441, at *7 (N.D. Ohio Aug. 15, 2025).

Within thirty (30) days of the conclusion of the arbitration proceedings, one of the following shall be filed: (a) a motion to re-open; or (b) a stipulation of dismissal. Failure to do so will result in dismissal of the case.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge